I must respectfully dissent from the decision reached by the majority under appellant's fourth assignment of error.
As the majority correctly noted, the record in this case is replete with instances in which both parties have constantly attempted to thwart the other's interactions with the minor child. Each party has repeatedly failed to cooperate with the other in furtherance of the best interests of the minor child, thereby requiring the trial court to specifically delineate and regulate every aspect of visitation.
Testimony offered before the trial court revealed that it takes approximately one hour to drive round-trip from Barnesville, where appellee lives, to Powhatan Point, where appellant lives. Testimony was also presented to indicate that on various occasions, appellant would be in the Barnesville area to visit her parents, who lived approximately three miles from appellee's home, with the minor child shortly before appellee's scheduled visitation was to begin. However, appellant would invariably then leave the Barnesville area and return to her home in Powhatan Point, forcing appellee to drive to her home to pick up the minor child for his scheduled visitation. (Tr. 11-12).
Furthermore, on direct examination, appellant stated that she was willing to cooperate with appellee by advising him that he could pick the minor child up at her parent's home when she was in the Barnesville area close to the time appellee was to begin his visitation with the minor child. (Tr. 47). However, appellant also testified on cross-examination that there was virtually no way any amicable arrangement could be made for the return of the minor child at the end of appellee's visitation period on Sundays as even if she was in the Barnesville area on such day to visit her parents, she preferred to be back home in Powhatan Point by three o'clock in the afternoon so that her daughter could have her meal at home, and appellee's visitation with the minor child did not end until six o'clock. (Tr. 51).
Based upon the testimony before it, the trial court obviously determined that appellant demonstrated a disregard for the best interests of the minor child in an effort to impose a hardship upon appellee by forcing him to drive down to her home in Powhatan Point to pick up or return the minor child when she was in the Barnesville area shortly before appellee's visitation with the minor child was scheduled to begin or end. Appellant provided no credible evidence to indicate that she would suffer any undue burden by a court order requiring her to provide the minor child with transportation back to her home in Powhatan Point when appellee's visitation was to end if she was in the Barnesville area within four hours of the end of such scheduled visitation.
Consequently, I cannot find that the trial court acted in an arbitrary, unconscionable or unreasonable manner in specifically defining the parameters within which each party must act in accordance with the best interests of the minor child. I do not agree that the trial court abused its discretion in this regard.
Therefore, I would find appellant's fourth assignment of error to be without merit and would affirm the decision of the trial court in its entirety.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE